## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                )
        v.              )     I.D. No. 1102005390
                                )
THEODORE JACKSON,     )
                                )
     Defendant.      )

Submitted: May 16, 2018
Decided:  June 11, 2018

Upon Defendant's Motion for Postconviction Relief
**SUMMARILY DISMISSED.**

## ORDER

Theodore Jackson, *pro se*, Smyrna, DE.

John W. Downs, Esquire, Maria T. Knoll, Esquire, Deputy Attorneys General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State.

WHARTON, J.

This 11th day of June, 2018, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, it appears to the Court that:

1. Defendant Theodore Jackson ("Jackson") was indicted by the Grand Jury on charges of Murder First Degree (two counts), Possession of a Firearm During the Commission of a Felony ("PFDCF") (three counts), Robbery First Degree, Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP") (two counts). Carrying a Concealed Deadly Weapon, and Resisting Arrest.[1] On November 14, 2011, Jackson pled guilty to one count each of Manslaughter (as a lesser included offense of Murder First Degree) and PFDCF.[2] He was sentenced on June 1, 2012 to 25 years at Level 5, suspended after 20 years for decreasing level of supervision on the Manslaughter charge and 20 years at Level 5 on the PFDCF charge.[3] That sentence was modified on April 29, 2013 to a total of 30 years at Level 5 followed by decreasing levels of supervision.[4] Jackson did not appeal either his conviction or sentence to the Delaware Supreme Court. Jackson attempted to file two *pro se* motions for postconviction relief – one on May 15, 2015,[5] and the other on June 13, 2015.[6] Both were rejected by the Superior Court as non-compliant and returned to

---

[1] D.I. 5.
[2] D.I. 26.
[3] D.I. 42.
[4] D.I. 57.
[5] D.I. 59.
[6] D.I. 64.

Jackson.[7] An appeal to the Delaware Supreme Court was dismissed for failure to identify the order from which he was appealing.[8]

2. This Motion for Postconviction Relief ("Motion") was filed on May 16, 2018.[9] In the Motion, Jackson identifies three specific grounds for relief. The first ground alleges actual innocence and an illegal sentence.[10] He claims that he was a mentally ill minor who was incompetent make an informed decision.[11] He also blames his lawyer for allowing him to plead guilty.[12] His second ground for relief alleges that his sentence was too severe considering his age and mental condition, among other things.[13] His third alleged ground for relief alleges what might be described as ineffective assistance of counsel in that he alleges that his lawyer took advantage of his youth and mental illness to induce him to plead guilty so as to lighten his lawyers' caseload.[14] He asserts that all of the grounds for relief raised in the Motion were previously raised, but not well articulated.[15] Finally, he requests the appointment of counsel and that appointed counsel be given an opportunity to amend the Motion.[16]

---

[7] D.I. 61,66.
[8] D.I. 67.
[9] D.I. 82.
[10] D.I. 82 at 3.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*

3.     Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[17] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[18]

4.     Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations or procedural default. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[19] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[20] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as

---

[17] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[18] *Id.*
[19] Super. Ct. Crim. R. 61(i)(1).
[20] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).

procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[21] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[22]

5. The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence[23] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[24]

6. The Motion was filed in 2018. Jackson's conviction became final in 2012. Thus, the Motion is time barred since it was filed more than a year after his conviction became final.[25] Further, Jackson's claim of actual innocence is insufficient to lift the bar. A claim of actual innocence must allege with particularity that new evidence exists that creates a strong inference of actual innocence.[26] Here, Jackson does nothing more than incant the words "actual innocence" without invoking any new evidence. Moreover, the record precludes any attempt by Jackson to establish actual innocence. At his plea hearing, Jackson acknowledged that he committed the two offenses to which he pled guilty.[27] At his

---

[21] Super. Ct. Crim. R. 61(i)(3).
[22] Super. Ct. Crim. R. 61(i)(4).
[23] Super. Ct. Crim. R. 61(i)(5).
[24] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[25] Super. Ct. Crim. R. 61(i)(1).
[26] Super. Ct. Crim. R. 61(i)(5).
[27] Transcript November 14, 2011 Plea Hearing at 5-8.

sentencing, he said more: "On January 30th around like 11:15 p.m., I was leaving Sonoco located on Maryland Avenue. When I was leaving, I committed a robbery. At the time, I panicked. I was high off Xanex and pills."[28] "I fired with a .38 Smith and Wesson one time. He fell back. I got frightened."[29] "I know I was wrong for what I did…I took a gentleman from them."[30] When asked if he acted in self-defense, Jackson said, "No Your Honor. I was telling you that I shot him during the robbery."[31] There being no sufficient actual innocence claim, the motion is barred.

7.      Since the Motion is untimely, the Court declines to appoint postconviction counsel for Jackson.[32]

8.      Jackson also claims that his sentence was illegal and/or excessively long. The sentence was within the sentencing ranges for the crimes to which he pled guilty. Therefore, it is not illegal. His claim that it is too harsh, even if it were not time-barred, is not a proper subject for a Rule 61 motion and has been address in his various sentence modification motions, which themselves are barred because they are repetitive and untimely.[33]

---

[28] Transcript June 1, 2012 Sentencing Hearing at 14.
[29] *Id.*
[30] *Id.* at 15.
[31] *Id.* at 16.
[32] Super. Ct. Crim. R. 61(e)(3).
[33] *See* Super. Ct. Crim. R. 35.

9. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[34] Here, it is plain to the Court from the Motion that Jackson is not entitled to relief.

Therefore, since it plainly appears from Motion for Postconviction Relief and the record in this case that Jackson is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

cc:    Prothonotary
cc:    Investigative Services

---

[34] Super. Ct. Crim. R. 61(d)(5).

7